**Rafael COLON, Plaintiff,**

v.

**TRINIDAD CORPORATION, Defendant.**

United States District Court
S. D. New York.

Dec. 5, 1960.

Benjamin Glickman, New York City, for plaintiff; Jacob Eassner, New York City, of counsel.

Bigham, Englar, Jones & Houston, New York City, for defendant; John B. Shields, New York City, of counsel.

SUGARMAN, District Judge.

On October 27, 1960, the court filed its decision after trial in a seaman's personal injury action.

In said decision the court found the facts, stated its conclusions of law, and directed the entry of an appropriate judgment.

Plaintiff now moves "for re-argument of defendant's motion for dismissal of the first and second causes of action herein, which was granted by the decision of Hon. Sidney Sugarman, United States District Judge, dated October 27, 1960".

In support of the motion plaintiff's counsel states:

"The Court has rendered its Decision after Trial with regard to the first two causes of action herein. Treating the determination therein of denying recovery on the said causes of action as the granting of defendant's motions to dismiss made at the trial, this motion is made pursuant to General Rule 9(h) for re-argument of such determination."

Local General Rule 9 addresses itself to written motions not made in the course of a trial or hearing and not to oral mo-

**804**

tions made during trial. Hence, plaintiff's reliance on local General Rule 9(h) for "reargument" of such oral motion during trial is misplaced.

However, plaintiff's moving papers permit treatment of his motion as one under F.R.Civ.P. 52(b), 28 U.S.C.A., for amendment of the aforesaid findings of fact and conclusions of law.

On this motion, plaintiff apparently abandons the theory on which the case was tried, viz., that defendant was negligent and the vessel unseaworthy in that plaintiff was forced to work in a bilge awash with three or four inches of water so that he had to stand on a tin can to keep his feet dry. In his brief, plaintiff's attorney stated: *"while doing * * * his work*, he fell off the turpentine can, striking, * * * his neck * * *."* In answer to defendant's 17th interrogatory, plaintiff stated:

"The injury of November 25, 1957 occurred in the following manner:

"Plaintiff was standing on a turpentine can painting in the port bilge of defendant's vessel, the S.S. Tillamook. The floor area where he was working was awash with three or four inches of water, which water contained rust particles and grime. Plaintiff lost his balance and fell backwards off the can. He struck his neck on a bilge pump."

Assuming that plaintiff is free to change his entire theory of liability after the court has made its findings, he is nevertheless not entitled to recover damages for the events of November 25, 1957. The bilges were dry. Plaintiff had used a metal can for his own convenience and comfort in doing his work. He could easily have ascended from his place of work without use of a ladder or other similar means. Defendant had no knowledge that plaintiff might use the can for the purpose of stepping up to the floor of the shaft alley. There was no evidence that vessels usually have or should have means of egress from bilges three feet deep for the use of seamen. There was no evidence that seamen usually are or

should be warned not to step on metal cans for purposes of ascent to higher levels because such cans might slip or collapse under their weight. There was no evidence that there was any defect in the can. In summary, the court found no negligence on defendant's part and no unseaworthiness in the vessel which caused plaintiff's injury.

Deemed a motion under F.R.Civ.P. 52(b) for amendment, the motion is granted to the extent that the stated additional findings are herein found, and otherwise denied.

It is so ordered.